# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOHN V. BAUMGARTEN          :
                            :
                            :
v.                          :    Civil No. CCB-11-2506
                            :
                            :
PETER AND SADIE CASTRUCCIO, et al. :

## **MEMORANDUM**

Plaintiff John Baumgarten initially filed a complaint in this court against defendants Peter and Sadie Castruccio and John Greiber regarding the 1400 block of Cape St. Claire Rd. on April 9, 2010. (*See Baumgarten v. Castruccio*, Civil No. 10-962). That action was dismissed for lack of subject matter jurisdiction. Baumgarten then filed a second complaint on January 21, 2011, (*see Baumgarten v. Castruccio*, Civil No. 11-214), which was dismissed without prejudice as untimely. Shortly thereafter, Baumgarten filed this action, which the court will assume relates back to the April 9, 2010 complaint, bringing federal claims under 42 U.S.C. § 1985, 18 U.S.C. § 1341 (mail fraud), the Truth in Lending Act, 15 U.S.C. § 1691, and state law claims of fraud, breach of contract, and unjust enrichment. The defendants have filed a motion to dismiss Baumgarten's complaint, again asserting it is untimely. For the reasons set forth below, the motion will be granted.

Preliminarily, the only basis for original subject matter jurisdiction in this action arises from federal question jurisdiction, under 28 U.S.C. § 1331, based on Baumgarten's federal law claims. Baumgarten also asserts diversity jurisdiction for his state law claims under 28 U.S.C. § 1332, but all of the parties in this action are citizens of the state of Maryland. In his complaint, Baumgarten acknowledges that the defendants are residents of the state of Maryland, but he

1

states that he is a resident of the State of New Jersey. (*See* Complaint in Civil No. 11-214 ("Complaint I") at 2-3).[1] Because he is a federal prisoner, however, and he was domiciled in Maryland prior to his removal to New Jersey, while incarcerated he remains a resident of Maryland for jurisdictional purposes. *See, e.g.*, *Ownby v. Cohen*, 19 F. Supp. 2d 558, 563 (W.D. Va. 1998) (citing *Price v. Carr-Price*, 23 F.3d 402 (4th Cir. 1994) (unpublished)); *see also Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991); *Stifel v. Hopkins*, 477 F.2d 1116, 1126-27 (6th Cir. 1973). While some circuits have held that a prisoner may "show facts sufficient to indicate a bona fide intention to change his domicile to the place of his incarceration . . . a prisoner must still introduce more than 'unsubstantiated declarations' to rebut the presumption that he retains his pre-incarceration domicile." *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977) (quoting *Stifel*, 477 F.2d at 1126). Here, even though Baumgarten states in his complaint that he would not return to Maryland "if given the opportunity[,]" (*see* Complaint I at 3), Baumgarten has not shown any "truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration." *See Jones*, 552 F.2d at 251. Accordingly, the court has no diversity jurisdiction in this action under § 1332.

Furthermore, under both Maryland and federal law, a claim ordinarily accrues when the plaintiff knew or should have known of the injury which is the basis of the action. *See Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981); *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The wrongdoing alleged in Baumgarten's complaint is all based on a series of

---

[1] The court will rely on the complaints Baumgarten filed in his previous action, as well as the current one, in assessing his claims, because the complaint filed in the present action primarily contains his timeliness arguments and refers to, but does not restate, his earlier allegations. As Baumgarten is proceeding *pro se*, the court will liberally construe his present complaint as incorporating his prior allegations.

transactions involving the Cape St. Claire property. (*See, e.g.*, Complaint I ¶¶ 15-22, 78-83). Baumgarten alleges that he was the sole owner of this property, that the defendants wrongfully brought a foreclosure action against Baumgarten and fraudulently took control of the property, and that they eventually sold the property to unknown third party corporations to develop it. Baumgarten asserts that he did not discover this injury until he "received a docket sheet from Anne Arundel County" on July 2, 2010. (Complaint ("Complaint II"), ECF No. 1, at 2). Attached to the defendants' motion to dismiss, however, is an "Objection to Plaintiff's Motion for Default Judgment" signed by Baumgarten and dated October 17, 2000. He filed that objection in an action in the Circuit Court for Anne Arundel County the Castruccios brought to rescind Baumgarten's deed on the Cape St. Claire property, following the allegedly wrongful foreclosure the Castruccios obtained against Baumgarten. (*See* Def.'s Mot., ECF No. 31, at 16-20; Complaint I ¶¶ 68-72). Thus, Baumgarten knew or had reason to know at least as early as October 17, 2000, that the Cape St. Claire property was the subject of legal proceedings and that the defendants were involved. Accordingly, any claims arising out of the Castruccios' purported wrongdoing in connection with his ownership interest in the property accrued on that date.

Thus, all of Baumgarten's federal law claims must be dismissed. First, the criminal mail fraud statute, 18 U.S.C. § 1341, does not provide a civil cause of action. *See, e.g.*, *Oppenheim v. Sterling*, 368 F.2d 516, 518-19 (10th Cir. 1966). Second, the Truth in Lending Act, even if it applied to any of the agreements Baumgarten apparently entered into with the Castruccios, has a one or three year statute of limitations, depending on the type of violation alleged. 15 U.S.C. § 1640(e). Finally, the time limitation for federal civil rights actions is borrowed from the state law "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *see also Halle Development, Inc. v. Anne Arundel County*, 121 F. App'x 504, 507 (4th

Cir. 2005).[2] Thus, Maryland's general three-year statute of limitations applies to Baumgarten's 42 U.S.C. § 1985 claim. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101; *Halle Development*, 121 F. App'x at 507. Because Baumgarten filed his complaint, at the earliest, in April 2010, over nine years after his claims accrued, even if Baumgarten has stated a plausible claim under the Truth in Lending Act or § 1985 for conspiracy to interfere with his civil rights, which is unlikely, his federal claims are time barred.

Although all of Baumgarten's state law claims also appear to be time barred under Maryland's three-year statute of limitations, Baumgarten asserts that his claims are based on several instruments he executed with the Castruccios under seal, and, thus, that Maryland's twelve-year statute of limitations for "action[s] on specialties" governs his action. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-102(a); *see also Wellington Co., Inc. Profit Sharing Plan and Trust v. Shakiba*, 952 A.2d 328, 343-45 (Md. App. 2008). Baumgarten has attached a mortgage and deed to his opposition to the defendants' motion to dismiss, (*see* Pl.'s Opp., ECF No. 38-1, at 19-27), that may be "specialties" under Maryland law. *See Hampt v. Chernow*, 2013 WL 4176959, at *4-5 (D. Md. 2013). He contends that his claims should be construed as an action "on" the specialties, *see Shakiba*, 952 A.2d at 344 (noting that § 5-102 applies only "if the cause of action is grounded on some type of obligation set forth in the instrument") (quotation marks and citation omitted). The defendants dispute this, although no state court decision precisely on point has been cited.

Nevertheless, 28 U.S.C. § 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *See ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir.

---

[2] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

2012). Because this court only had original jurisdiction over Baumgarten's federal claims, and they are time barred and must be dismissed, even if his state law claims are not untimely, the court will not exercise supplemental jurisdiction under § 1367. As this action involves a dispute between Maryland citizens concerning property with an extensive litigation history in state court, it is appropriate for the court to decline to resolve Baumgarten's state law claims in the absence of any original federal jurisdiction.

For the reasons stated above, the court will enter a separate order granting the defendants' motion to dismiss.

<u>August 26, 2013</u>                        <u>     /s/              </u>
Date                                             Catherine C. Blake
                                                   United States District Judge